# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

SHANIERRA CURRY,

    *Plaintiff*,

v.

CAPITAL ONE AUTO FINANCE,

    *Defendant,*

Civil Action No.:_____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1442, and 1446, Defendant Capital One Auto Finance, a division of Capital One, N.A., erroneously sued as "Capital One Auto Finance," ("Capital One"), by counsel, hereby removes this action from the Small Claims Court of Wake County to the United States District Court for the Eastern District of North Carolina and states as follows for its Notice of Removal. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, Capital One removes this action and in support of its Notice of Removal states the following:

## INTRODUCTION

1. On or about February 20, 2025, Plaintiff Shanierra Curry ("Plaintiff"), initiated this civil action by filing a Complaint for Damages under the Fair Credit Reporting Act (FCRA) (the "Complaint") in the Small Claims Court of Wake County, styled *Shanierra Curry v. Capital One Auto Finance*, Case No. 25CV006275-910 (the "State Court Action"). A copy of all process, pleadings, and orders, including the Complaint, in the State Court Action is attached hereto as **Exhibit A**.

309647355v1

2. Although Capital One received a copy of the Complaint, Capital One does not concede that it was properly served with the Complaint in accordance with Rule 4 of the North Carolina Rules of Civil Procedure.

3. Accordingly, because Capital One has not yet been served properly with the Complaint, this Notice of Removal is therefore timely under 28 U.S.C. § 1446(b). *See Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

4. Further, this Notice of Removal is being filed within one (1) year of the date of commencement of the action for removal purposes.

5. In the Complaint, Plaintiff purports to state the following causes of action under the federal Fair Credit Reporting Act ("FCRA"):

   a. First Claim – Violation of 15 U.S.C. § 1681s-2(b)(1)(A) (Compl. ¶ 16);

   b. Second Claim – Violation of 15 U.S.C. § 1681s-2(b)(1)(B) (Compl. ¶ 18);

   c. Third Claim – Violation of 15 U.S.C. § 1681s-2(b)(1)(C) (Compl. ¶ 20);

   d. Fourth Claim – Violation of 15 U.S.C. § 1681s-2(b)(1)(D) (Compl. ¶ 22); and,

   e. Fifth Claim – Violation of 15 U.S.C. § 1681s-2(b)(1)(E) (Compl. ¶ 24).

## GROUNDS FOR REMOVAL

6. This case is removable pursuant to the Court's federal question jurisdiction. Under 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Esab Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012).

2

8. Plaintiff's Complaint alleges various violations of 15 U.S.C. § 1681s-2(b) of FCRA. (Compl. ¶¶ 16-24).

9. This Court has original jurisdiction over the present lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff alleges Capital One violated the laws of the United States.

10. To the extent that Plaintiff amends her claims to assert claims arising under the common law of the North Carolina, any such claims are so related to Plaintiff's federal claims, which are within the original jurisdiction of this Court, that they form part of the same case or controversy. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

11. Capital One denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief can be granted, and denies that Plaintiff has been damaged in any manner whatsoever.

12. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have originally filed the Complaint in this Court under federal question jurisdiction because she asserts claims pursuant to FCRA. Removal of this case is therefore proper under 28 U.S.C. §§ 1331 and 1441.

13. Venue is proper in this Court because this district and division encompass the Small Claims Court of Wake County, the forum from which the case has been removed. *See* 28 U.S.C. § 1441; 28 U.S.C. § 113(a).

**<u>NOTICE</u>**

14. Pursuant to 28 U.S.C. § 1446(d), and concurrent with filing this Notice of Removal, Capital One will file a Notice of Filing of Notice of Removal with the Clerk of the Small Claims Court of Wake County and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached hereto as **Exhibit B**.

3

15. This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

16. Capital One is the only true Defendant identified in the Complaint; thus, all defendants to the claims over which this Court has original jurisdiction under 28 U.S.C. § 1331 have joined in or consented to removal of the State Court Action.

17. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Capital One's rights to assert any defense or affirmative, including but not limited to, any pertinent defense available under Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

18. If any questions arise as to the proprietary of the removal of this action, Capital One requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Defendant Capital One Auto Finance, a division of Capital One, N.A., hereby removes this action to this Court and seeks all other relief this Court deems equitable and just.

Dated: March 28, 2025                         Respectfully submitted,

*/s/ Nicholas A. Verderame*
Nicholas A. Verderame
North Carolina Bar No. 59564
Troutman Pepper Locke LLP
301 S. College Street, Suite 3400
Charlotte, NC 28201
Telephone: 980-236-1282
Nicholas.verderame@troutman.com

*Counsel for Defendant Capital One Auto*
*Finance, a division of Capital One, N.A.*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th of March, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**<u>Plaintiff Shanierra Curry</u>**
305 Walnut Street
Warsaw, NC 28398
910-760-6875
Shanierracurry_inonesownbehalf@outlook.com

I further certify that on the 28th day of March, 2025, a true and correct copy of the foregoing was sent via electronic mail and first class U.S. Mail, postage prepaid, to the following:

**<u>Plaintiff Shanierra Curry</u>**
305 Walnut Street
Warsaw, NC 28398
910-760-6875
Shanierracurry_inonesownbehalf@outlook.com

*/s/ Nicholas A. Verderame*
Nicholas A. Verderame

5