# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### No. 5:25-CV-164-D

SHANIERRA CURRY,                          )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )          **ORDER**
                                          )
CAPITAL ONE AUTO FINANCE,                 )
                                          )
                    Defendant.            )

On February 20, 2025, Shanierra Curry ("Curry" or "plaintiff"), proceeding pro se, filed a complaint in Wake County Small Claims Court against Capital One Auto Finance ("Capital One" or "defendant") alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA") [D.E. 1-1]. On March 28, 2025, Capital One removed to this court [D.E. 1]. On April 10, 2025, Curry moved to remand this action to Wake County Small Claims Court [D.E. 7] and attached a proposed amended complaint that removed all references to the FCRA [D.E. 7-1]. On April 30, 2025, Capital One responded in opposition [D.E. 8]. On May 9, 2025, Curry moved for electronic filing privileges [D.E. 9]. That same day, Curry withdrew her motion to remand and moved to amend her complaint [D.E. 10]. As explained below, the court denies as moot plaintiff's motion to remand and denies plaintiff's motion to file electronically. Defendant shall file a response to plaintiff's motion to amend not later than July 11, 2025.

Originally, the centerpiece of Curry's motion to remand was her contention that she "amended her Complaint to include only state law claims and explicitly remove[d] all federal law claims, including any references to the Fair Credit Reporting Act." Id. at 1. No amended complaint, however, appears on the corresponding state court docket. See [D.E. 1-1] 18–22.

Curry's purportedly amended complaint only appears in her motion to remand. See [D.E. 7-1] 2–7. Moreover, Curry did not move to amend her complaint under Federal Rule of Civil Procedure 15(a)(2) in this court. Thus, the only operative complaint is the complaint removed from Wake County Small Claims Court. See [D.E. 1-1]. Apparently realizing this error, Curry now reverses course. In her self-styled reply, Curry contends that the amended complaint "was submitted solely for evidentiary purposes." [D.E. 10] 2. Curry also withdraws her motion to remand and "chooses to move forward in federal court to facilitate resolution on the merits and to avoid further delay." [D.E. 10] 5. Curry's transparently false excuse aside, the court denies as moot Curry's motion to remand.

As for Curry's self-styled reply, the court construes pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Curry cites Federal Rule of Civil Procedure 15(a)(2) in her reply and attached a proposed amended complaint. See [D.E. 10] 5–8; [D.E. 10-1]; Fed. R. Civ. P. 15(a)(2). Thus, the court construes Curry's reply as a motion to amend. See [D.E. 10] 5–8; [D.E. 10-1]. The court warns Curry that filing any additional replies is strongly discouraged. See Local Civ. R. 7.1(g)(1). Capital One shall respond to Curry's motion to amend not later than July 11, 2025.

As for Curry's request for electronic filing privileges, Local Civil Rule 5.1(b)(2) provides that "[a]n unrepresented party . . . may not file electronically." Id. In the Eastern District of North Carolina, a pro se person may receive electronic filings but cannot file electronically. See id. Electronic filing privileges are reserved for attorneys admitted to practice before the court. See, e.g., id.; Fuller v. Holt, No. 7:18-CV-59, 2019 WL 1560433, at *1 (E.D.N.C. Apr. 10, 2019) (unpublished). Thus, the court denies Curry's request for electronic filing privileges.

In sum, the court DENIES plaintiff's motion for electronic filing privileges [D.E. 9] and DENIES as moot plaintiff's motions to remand [D.E. 7]. To the extent plaintiff seeks costs or an entry of default judgment against defendant, the court DENIES as meritless those requests. Defendant shall file a response to plaintiff's motion to amend not later than July 11, 2025.

SO ORDERED. This 24 day of June, 2025.

JAMES C. DEVER III
United States District Judge