IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-164-BO-KS

| | | |
|---|---|---|
| SHANIERRA CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAPITAL ONE AUTO FINANCE, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss for failure to state a claim. [DE 14]. Plaintiff responded [DE 16] and defendant replied [DE 17]. The Court also considers plaintiff's motion for leave to file her second proposed amended complaint [DE 16]. In this posture, the motions are ripe for resolution. For the following reasons, the motion to dismiss is granted and leave to amend is denied.

BACKGROUND

Plaintiff Shanierra Curry filed a complaint in Wake County Small Claims Court against defendant Capital One Auto Finance, alleging violations of the Fair Credit Reporting Act (FCRA). Capital One removed the action to this Court. [DE 1]. Plaintiff moved to remand [DE 7] but withdrew her motion to remand and moved to amend her complaint [DE 10]. In its order of July 23, 2025 [DE 13], the Court denied plaintiff's first motion to amend the complaint as futile, also noting that it sought to assert new claims based on fictitious provisions of the North Carolina Identity Theft Protection Act (ITPA), and concluding that plaintiff likely used artificial intelligence to draft her first proposed amended complaint. That order cautioned plaintiff that the Court will not tolerate "computer generated morass that only serves to waste court time and resources." *Id.*

(quoting *Thornock v. Corp. of The Presiding Bishop of The Church of Jesus Christ of Latter-Day Saints*, No. 3:25-CV-56, 2025 WL 1900314, at *4 (E.D. Va. July 9, 2025) (unpublished)).

Plaintiff's original complaint alleges that she "noticed unauthorized inquiries on her credit report and contacted the credit reporting agency, which directed her to Capital One Auto Finance." [DE 1-1, ¶ 7]. Despite plaintiff's repeated requests, *id.* at ¶¶ 8–12, defendant Capital One "refused to remove the inquiries" from her file. *Id.* at ¶ 14. Defendant moved to dismiss the complaint. [DE 14]. Plaintiff responded with a renewed motion for leave to amend her complaint [DE 16], attaching a second proposed amended complaint [DE 16-1]. Plaintiff's second motion to amend the complaint also contained fictitious citations.

## DISCUSSION

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

Plaintiff's original complaint asserts five separate breach of duty claims under 15 U.S.C. §§ 1681s-2(b)(l)(A)-(E). [DE 1-1]. In its order of July 23, 2025 [DE 13], the Court explained,

> Section 1681s-2(b) imposes certain duties on "furnishers of information." 15 U.S.C. §§ 1681s-2(b)(l). "The FCRA uses the term 'furnishers of information' but does not define it." Ross v. Washington Mut. Bank, 566 F. Supp. 2d 468, 475 n.1 (E.D.N.C. 2008), aff'd sub nom. Ross v. F.D.I.C., 625 F.3d 808 (4th Cir. 2010). Courts interpret "furnishers of information . . . . to include various types of creditors, such as banks and other lenders, that provide credit information about their customers to other entities that issue consumer reports about the customers' credit worthiness." Id.; see, e.g., DiMezza v. First USA Bank, Inc., 103 F. Supp. 2d 1296, 1299 (D.N.M. 2000). Section [1681s]-2(b) does not impose duties on businesses that merely make credit inquiries, so-called "users of credit reports." Glanton [v. DirecTV, LLC], 172 F. Supp. 3d [890,] 897.
> Curry fails to plausibly allege that Capital One acted as a furnisher of information. Curry merely alleges that Capital One accessed her credit report. . . . This allegation does not suffice. See, e.g., Ross, 566 F. Supp. 2d at 475 n.1; DiMezza, 103 F. Supp. 2d at 1299. Curry appears to misunderstand the credit reporting system. For example, Curry faults Capital One for failing to remove allegedly erroneous credit inquiries from her credit report. . . . Yet, the FCRA "does not permit users of credit reports to remove credit inquiries from consumers' credit reports." Glanton, 172 F. Supp. 3d at 897. Thus, Curry fails to plausibly allege an FCRA breach of duty claim.

[DE 13, p. 5] (referring to the first proposed amended complaint, denying leave to amend as futile) (citations to proposed amended complaint omitted). For the same reasons as articulated in that order, plaintiff fails to state a claim, and defendant's motion to dismiss the complaint is granted.

The Court also addresses plaintiff's motion for leave to file a second amended complaint. By the time plaintiff filed her motion [DE 16], she had already been warned that the Court would not tolerate fabricated citations. Leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a). Leave to amend should only be denied where there is bad faith on the part of the moving party, the amended would be futile, or granting leave would prejudice the non-moving party. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Here, plaintiff's inclusion of more fabricated citations in the proposed amended complaint constitutes bad faith.

3

The motion for leave to amend is also denied because amendment would be futile. "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards[.]" *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). An amendment is therefore futile where the plaintiff fails to state a facially plausible claim, meaning that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Courts should be liberal in their construction of *pro se* complaints, but they should not go beyond deciphering the meaning of words written in the complaint to attempt to discern the unexpressed intent of the plaintiff. *Laber v. Harvey*, 438 F.3d 404, 413 (4th Cir. 2006).

In her proposed second amended complaint, plaintiff asserts the same claims as in her original complaint, plus a violation of the North Carolina Unfair and Deceptive Trade Practices Act (UDTPA) and a violation of 15 U.S.C. § 1681b(f) for obtaining improper access to her credit report. The Court's order of July 23, 2025 [DE 13] addressed all of these claims in the context of plaintiff's *first* proposed amended complaint. The claims common to the original complaint fail because section 1681s-2(b) "does not impose duties on businesses that merely make credit inquiries" [DE 13, p. 5] and the second proposed complaint fails to plausibly allege that defendant acted as a furnisher of any information with respect to plaintiff, only as a "user" who made a credit inquiry. Similarly, the UDTPA claim fails because, as the Court already determined, the FCRA "preempts state-law claims that merely restate FCRA claims." [DE 13, p. 6].

The remaining claim in the second proposed amended complaint fails because defendant had grounds to reasonably believe it accessed plaintiff's credit report for a proper purpose. To state a FCRA claim for improper acquisition of a credit report under 15 U.S.C. § 1681b(f), a plaintiff must allege "(i) there was a consumer report; (ii) the defendants used or obtained it, (iii) the

4

defendants did so without a permissible statutory purpose, and (iv) the defendants acted with the specified culpable mental state." *King v. Equable Ascent Fin., LLC*, No. 1:12-CV-443, 2013 WL 2474377, at \*2 (M.D.N.C. June 10, 2013) (citations omitted). Plaintiff's second proposed amended complaint alleges she submitted an identity theft report in an effort to remove the credit checks, indicating an imposter may have initiated the credit check. [DE 16-1, ¶¶ 16, 27, 38]. If so, defendant would have reasonably believed it accessed plaintiff's credit report with a permissible purpose. "Courts have reached the conclusion that there is no violation of Section 1681b when a creditor obtains a credit report due to an imposter's application for credit even though the identity theft victim did not make the application." *Glanton v. DirecTV, LLC*, 172 F. Supp. 3d 890, 896 (D.S.C. 2016) (collecting cases). Plaintiff provides no plausible alternative motivation for defendant to access her credit report. *See King*, 2013 WL 2474377, at \*3. The proposed complaint—even construed in the plaintiff's favor—indicates the defendant had grounds to reasonably believe it was accessing her credit report for a permissible purpose. The second proposed amended complaint therefore fails to state a claim and leave to amend is denied as futile.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 14] is GRANTED. Plaintiff's second motion for leave to amend the complaint [DE 16] is DENIED. Plaintiff's motion to strike plaintiff's reply [DE 19] is DENIED as MOOT. The Clerk is DIRECTED to close the case.

SO ORDERED, this **26** day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5